# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT HALLMAN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:12-0960** |
| v. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **HUNTINGDON COUNTY COURT HOUSE, et al.,** | : | |
| | : | |
| **Defendants** | | |
| | : | |

## REPORT AND RECOMMENDATION[1]

Presently before the court are three motion to dismiss. The first motion was filed by defendants Huntingdon County District Attorney George Zanic, Assistant District Attorney Gregory Jackson and the plaintiff's court appointed attorney, Ray Ghaner. (Doc. No. 24). The second was filed by defendants Judge Stewart Kurtz and the Hunting County Court of Common Pleas.[2] (Doc. No. 26). The third was filed by defendants C/O Robert Stitt, C/O Kevin Kauffman and State Correctional Institution at Huntingdon, Pennsylvania (hereinafter "SCI-Huntingdon"). (Doc. No. 29). The plaintiff, formerly an inmate at SCI-Huntingdon and currently an inmate at the State Correctional Facility

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] The plaintiff names the "Huntingdon County Court House" as a defendant, however, the court and defendants construe the allegations as arising against the Court of Common Pleas of Huntingdon County, Pennsylvania, not the physical building.

at Frackville, Pennsylvania, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, (Doc. No. 1). The plaintiff alleges violations of his constitutional rights as well as conspiracy to violate his rights and a state law claim for intentional infliction of emotional distress. All of his claims relate to the allegedly malicious prosecution of criminal charges against after a January 2010 altercation with a corrections officer.[3] As the state criminal proceedings are currently on appeal, the court recommends that case be **DISMISSED** pursuant to the doctrine of abstention outlined in *Younger v. Harris*, 401 U.S. 37 (1971).

I. **BACKGROUND**

In January 2010, there was a physical alternation between the plaintiff and a correctional officer at SCI-Huntingdon which resulted in injuries to the correctional officer including a broken rib. Criminal charges were filed against the plaintiff in the Huntingdon County Court of Common Pleas, *Commonwealth v. Hallman*, CP-31-CR-0000181-2010. On March 17, 2011, a jury found the plaintiff guilty of aggravated assault. On September 8, 2011, the trial judge entered an order arresting the judgment. A subsequent trial was scheduled for the additional charges stemming from the incident and the plaintiff filed a motion to dismiss based on double jeopardy. The court denied the motion and the plaintiff appealed. The appeal is still pending.

---

[3] The plaintiff is currently pursuing excessive force claims stemming from the incident before this court in Civil Action No. 10-2531.

The plaintiff's complaint comprises three counts. First, a claim of deliberate indifference to his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. Second, a state law claim for intentional infliction of emotional distress. Third, a claim under 42 U.S.C. §1985 for conspiracy to violate his constitutional rights. The plaintiff seeks monetary and injunctive relief.

On August 7, 2012, Defendants District Attorney Zanic, Assistant District Attorney Jackson and attorney Ghaner filed their motion to dismiss, (Doc. No. 24), and on August 21, 2012 filed their brief in support, (Doc. No. 30). On August 15, 2012, the plaintiff filed a brief in opposition, (Doc. No. 28). On August 29, 2012, the plaintiff filed an appendix to his brief in opposition, (Doc. No. 34). On September 13, the defendants filed a brief in reply, (Doc. No. 37). These defendants raise prosecutorial immunity defenses with regard to Defendants Zanic and Jackson and establish that as a court-appointed attorney, Defendant Ghaner is not a state actor.[4] In addition, they argue that the pendant state law claims should be dismissed, that the conspiracy claim has not been properly pled and that *Younger* bars any injunctive relief.

---

[4] Though the court recommends abstaining from asserting jurisdiction over this matter, the court finds that prosecutorial immunity would be available in the alternative. The initial charges against the plaintiff went to trial and resulted in a conviction. Despite the subsequent arrest of judgement, the progression of the charges strongly indicates that the prosecution had a good faith basis for pursuing claims against the plaintiff. In addition, the defendants correctly assert that the claims against the private, court appointed-defense attorney are not cognizable under §1983.

On August 13, 2012, Defendants Judge Kurtz and the Huntingdon County Court of Common Pleas filed a motion to dismiss, (Doc. No. 26), and brief in support, (Doc. No. 27). On August 23, 2012, the plaintiff filed a document titled as a motion in opposition, (Doc. No. 32), however, the document takes the form of a brief in opposition and no supporting brief was subsequently filed, therefore the court will construe the document as a brief in opposition. This group of defendants claims judicial immunity under the Eleventh Amendment.[5]

On August 20, 2012, Defendants C/O Kaufman, C/O Stitt and SCI-Huntingdon filed a motion to dismiss, (Doc. No. 29). On August 23, 2012, the defendants filed their brief in support, (Doc. No. 31). On August 28, 2012, the plaintiff filed a motion in opposition which, as above, the court will construe as a brief in opposition, (Doc. No. 33). On September 4, 2012, the plaintiff filed a supplemental brief in opposition, (Doc. No. 35). These defendants argue that claims against C/O Kaufman and C/O Stitt in their official capacities are barred by the Eleventh Amendment. In addition, the Corrections Defendants argue that all claims should be dismissed under *Younger* while the state criminal proceedings are ongoing.

---

[5] Again, the court recommends abstaining from asserting jurisdiction over this matter; however, the court notes that Judge Kurtz and the Court of Common Pleas would alternatively be entitled to immunity as the plaintiff has not alleged sufficient conduct outside the discretion or jurisdiction of the judicial defendants.

4

## II. DISCUSSION

The *Younger* abstention doctrine provides that federal courts must abstain from adjudicating matters before the court when such adjudication would disrupt an ongoing state criminal proceeding. *See Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005). The *Younger* doctrine is rooted in the principles of comity and "the longstanding public policy against federal court interference in state court proceedings." *Younger*, 401 U.S. at 43. *Younger* abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (*quoting Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir.2005)).

Here, the state criminal proceedings are unquestionably judicial in nature and implicate important state interests in the prosecution of criminal acts. Similarly, the court finds that the state proceeding will afford the plaintiff an adequate opportunity to raise his claims. Though the plaintiff alleges deliberate indifference to his constitutional rights, his claim is, at its core, a claim that his prosecution was improper. In his state court proceeding, the plaintiff is awaiting a determination of whether his prosecution, subsequent to the arrest of judgment, constitutes double jeopardy. This appeal focuses

directly on the deficiencies of the criminal proceedings and can provide necessary relief. As such, it is recommended that the court not exert jurisdiction over this matter while the state proceeding is ongoing.

**THEREFORE, THE COURT HEREBY RECOMMENDS, THAT:**

The plaintiff's complaint, (Doc. No. 1), be **DISMISSED** pursuant to the *Younger* abstention doctrine.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated: December 5, 2012**

O:\shared\REPORTS\2012 Reports\12-0960-01.wpd